IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 3:20-cr-08 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| AHMED DOUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is Defendant Ahmed Doumbia's ("Defendant" or "Doumbia") Motion to Withdraw Guilty Plea. (ECF No. 691). For the reasons that follow, the Court **DENIES** Doumbia's Motion.

**II.  Factual and Procedural History**

On June 3, 2020, a federal grand jury returned an Indictment against Doumbia charging him with three Counts: (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 28 grams or more of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, and 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of heroin, a Schedule I controlled substance (Count I); (2) conspiracy to commit money laundering (Count II); and (3) possession of a firearm in furtherance of a drug trafficking crime (Count IV). (ECF No. 29).

On December 7, 2021, Doumbia executed a plea agreement with the Acting United States Attorney for the Western District of Pennsylvania. (ECF No. 620-1). In that plea agreement, Doumbia agreed to plead guilty to a lesser included offense at Count One and to the offense at Count Two of the Indictment. (*Id.* at 1-2). Specifically, as to the lesser included offense at Count One, Doumbia agreed to plead guilty to:

> [P]articipating in a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as "crack," a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 84l(a)(l), 841(b)(l)(B)(iii), 841(b)(l)(B)(vi), 841(b)(l)(B)(viii).

(*Id.*).

At Count Two, Doumbia agreed to plead guilty to "participating in a conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h)."(*Id.*).

Doumbia also agreed to acknowledge his responsibility at Count Four of the Indictment and stipulated that the conduct charged at Count Four "may be considered by the Probation Office, or by the Court, in calculating his guideline range and in imposing sentence." (*Id.* at 2). However, both Doumbia and the Government agreed that his acknowledgement of responsibility at Count Four did not constitute "a stipulation which specifically establishes the commission of an additional offense under Section 1B1.2(c) of the Sentencing Guidelines." (*Id.*).

Moreover, the parties stipulated that:

> [T]he type and quantity of controlled substances attributable to Ahmed Doumbia for the purposes of §2D1.1 of the Sentencing Guidelines is 63 grams of a mixture and substance containing a detectable amount of methamphetamine, 40 grams of a mixture and substance containing a detectable amount of fentanyl, 56 grams of

    a mixture and substance containing a detectable amount of cocaine base, and 51
    grams of a mixture and substance containing a detectable amount of cocaine. The
    cocaine base was in the form commonly known as crack.

(*Id.* at 4-5).

In exchange for Doumbia's plea, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),[1] the parties stipulated and agreed that "the appropriate sentence in this case is a term of imprisonment of between 97-121 months..." (*Id.* at 5). Consistent with Rule 11(c)(3)(A), the Court was permitted to "accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report." FED. R. CRIM. P. 11(c)(3)(A).

On February 7, 2022, Doumbia appeared before the Court and, pursuant to the plea agreement, pleaded guilty to the lesser included offense at Count One and Count Two of the Indictment. (ECF No. 621). During the course of Doumbia's change of plea hearing, the Court accepted the parties' Rule 11(c)(1)(C) plea agreement and adjudged Doumbia guilty of the lesser included offense at Count One and Count Two of the Indictment. (*See* ECF No. 709 at 28:6-7, 47:22-48:4).

On May 20, 2022, Doumbia, through his counsel, filed a motion to withdraw his guilty plea arguing that the sentencing range of 97-121 months is excessive for his case. (ECF No. 691 ¶ 4). The Court held oral arguments on Doumbia's motion on May 27, 2022. (ECF No. 694).

**III. Legal Standard**

---

[1] In relevant part, Federal Rule of Criminal Procedure 11(c)(1)(C) provides that, "[i]f the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will… agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." FED. R. CRIM. P. 11(c)(1)(C).

"[A] guilty plea is a grave and solemn act to be accepted only with care and discernment." *Brady v. United States*, 397 U.S. 742, 748 (1970). "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim." *United States v. James*, 928 F.3d 247, 253 (3d Cir. 2019) (quoting *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001)). "Instead, a defendant may withdraw a plea of guilty before sentencing if he 'can show a fair and just reason for requesting the withdrawal.'" *Id.* (quoting FED. R. CRIM. P. 11(d)(2)(B)). To determine if there is such a showing, "[a] district court must consider three factors… (1) whether the defendant asserts innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)). The burden of demonstrating these factors is "substantial" and "falls on the defendant." *Id.* Moreover, whether to grant a motion to withdraw a guilty plea lies within the discretion of the district court. *Id.*

IV. **Discussion**

    a. **Doumbia's Motion to Withdraw His Guilty Plea as to the Lesser Included Offense at Count One of the Indictment**

        1. **The Parties' Arguments**

Doumbia argues that he should be permitted to withdraw his guilty plea to the lesser included offense at Count One because (1) he is innocent with respect to selling methamphetamine and (2) his sentencing range is excessive for his case. (ECF Nos. 691 at ¶ 4; 705 at 7:17-24, 8:7-12). As to his assertion of innocence with respect to selling methamphetamine, Doumbia argues he is innocent because (1) he never made any profits from selling methamphetamine, (2) he never personally sold methamphetamine, and (3) he had no knowledge

that anyone else was selling methamphetamine. (ECF No. 705 at 7:17-8:12, 21:7-25). Additionally, Doumbia argues that his sentencing range is excessive because (1) he was not aware that he was charged with a manager/leadership role in the Indictment, (2) as a result of his manager/leadership role, he received certain guideline enhancements that will render him ineligible to participate in Bureau of Prison ("BOP") programs that could reduce his time in custody, and (3) he believes a sentence between 60 and 80 months is fairer than his sentencing range of 97 to 121 months. (ECF No. 705 at 3:25-5:11, 9:19-22).

In response, the Government argues that Doumbia should not be permitted to withdraw his guilty plea. Specifically, the Government argues that Doumbia should not be permitted to withdraw his guilty plea because Doumbia has failed to meet the substantial burden placed upon him to demonstrate that fair and just reasons exist for him to withdraw his guilty plea. (*Id.* at 28:3-32:1).

2. **Doumbia's Assertion of Innocence is Insufficient to Support Withdrawal of His Guilty Plea to Count One of the Indictment**

"A defendant seeking to withdraw their guilty plea may assert they are either factually or legally innocent." *United States v. Serrano-Munoz*, 2022 WL 1624896 at *5 (M.D. Pa. May 23, 2022) (citing *James*, 928 F.3d at 253-55). However, "bald assertions of innocence are insufficient to permit a defendant to withdraw a guilty plea." *Jones*, 336 F.3d at 252 (cleaned up). Rather, "the law requires a defendant to substantiate their factual or legal innocence with facts in the record." *Serrano-Munoz*, 2022 WL 1624896 at *5. "Once a defendant has pleaded guilty, he must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were

taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *Jones*, 336 F.3d at 253 (citation omitted).

Doumbia assets innocence with respect to selling methamphetamine because (1) he never made any profits from selling methamphetamine, (2) he never personally sold methamphetamine, and (3) he had no knowledge that anyone else was selling methamphetamine. (ECF No. 705 at 7:17-8:12, 21:7-25). In reviewing these arguments, the Court immediately rejects Doumbia's argument that he never made profits from selling methamphetamine. Failing to make a monetary profit from the illegal sale of a controlled substance is not a legal or factual basis that would support an assertion of innocence. (*See* ECF No. 30 at 2-3). Therefore, the only arguments the Court will consider as to Doumbia's assertion of innocence are (1) that he never personally sold methamphetamine and (2) that he had no knowledge that anyone else was selling methamphetamine. (ECF No. 705 at 7:17-8:12, 21:7-25).

In considering these arguments, the Court notes that Doumbia has offered no evidence, other than bare assertions, to substantiate his claims that he never personally sold methamphetamine or that he had no knowledge that other people were selling methamphetamine. Further, Doumbia's arguments today contradict his testimony before the Court at his February 7, 2022 change of plea hearing:

> **ASSISTANT UNITED STATES ATTORNEY**: Your Honor, had this case proceeded to trial, the government would have presented evidence to show that... [i]n and around the fall of 2019 to January of 2020... Mr. Doumbia... assisted Mr. Williams in distributing controlled substances by driving Mr. Williams to and from drug transactions... From January of 2020 to May of 2020, the investigation showed that the organization [of which Doumbia was part] continued to distribute heroin, fentanyl, crack cocaine and methamphetamine in Indiana. During this time, the organization utilized...Mr. Doumbia's apartment[] as [one of] their primary bases of operation... Based on corroborating drug transactions, it is

>reasonably estimated that Mr. Doumbia personally distributed or assisted in the distribution of 63.7 grams of… a mixture and substance containing a detectable amount of methamphetamine…
>
>…
>
>**THE COURT**: Mr. Doumbia, were you able to hear the Assistant United States Attorney describe the evidence that he would produce if this matter would proceed to trial?
>
>**THE DEFENDANT**: Yes, Your Honor.
>
>**THE COURT**: Is there any respect in which you disagree with what he said?
>
>**THE DEFENDANT**: No, Your Honor.
>
>**THE COURT**: Is the lesser included offense at count one of the indictment true to your own personal knowledge?
>
>**THE DEFENDANT**: Yes, Your Honor.

(ECF No. 709 at 40:16-44:14).

Moreover, Doumbia expressed no qualifications or reservations when rendering his guilty plea to the Court:

>**THE COURT**: Mr. Doumbia, did you, as charged in the indictment found at criminal 20-08, commit the lesser included offense at count one of participating in a conspiracy to distribute and to possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance…?
>
>…
>
>**THE DEFENDANT**: Yes, Your Honor.

(ECF No. 709 at 38:9-40:4).

As this Court has previously noted, "[a]ssertions of innocence are entitled to little weight when a defendant has credibly admitted guilt through sworn testimony at a prior proceeding."

*U.S. v. Bruno*, 2014 WL 2895415 *7 (W.D. Pa. June 25, 2014) (citing *United States v. Trott*, 779 F.2d 912, 915 (3d Cir. 1985)). Here, Doumbia credibly admitted guilt through sworn testimony at his change of plea hearing. (ECF No. 709 at 38:9-40:4, 40:16-44:14). Doumbia has failed to produce any additional evidence that would lead this Court to question the veracity of his prior testimony. Moreover, Doumbia has failed to provide the Court with any additional factual evidence to support his arguments in favor of his assertion of innocence. Lastly, Doumbia has failed to proffer sufficient reasons to explain why his assertion of innocence today varies so markedly from his change of plea hearing on February 7, 2022.[2] *See Jones*, 336 F.3d at 253. Given the foregoing, the Court finds that Doumbia has not met the substantial burden imposed on him to demonstrate his innocence. Therefore, the Court finds that Doumbia's assertion of innocence with respect to personally selling methamphetamine, or having knowledge of others selling methamphetamine, does not constitute a fair and just reason to permit him to withdraw his guilty plea.

   3. **The Strength of Doumbia's Reasons for Withdrawing His Plea are Not Sufficient to Support Withdrawal of His Guilty Plea to Count One of the Indictment**

Notwithstanding Doumbia's failure to meet the substantial burden imposed on him to demonstrate his innocence, the Court may nonetheless grant his motion to withdraw his guilty plea if he offers a sufficiently compelling reason that merits withdrawal. *United States v. Cormier*,

---

[2] Doumbia gives two reasons to explain his change in testimony concerning his assertion of innocence: (1) he was recently moved from his "normal block" to a "federal block" with law books and other federal inmates who have been through federal court proceedings (*see* ECF No. 705 at 3:25-4:23), and (2) Doumbia spoke with a federal investigator in Philadelphia, Pennsylvania who told him that he did not "think that [Doumbia] should be looking at so much time…" (*Id.* at 7:25-8:21). Neither of these explanations offers "sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial." *Jones*, 336 F.3d at 253 (citation omitted).

758 F.App'x. 269, 275 (3d Cir. 2018) (citing *United States v. Stayton*, 408 F.2d 559, 561 n.5 (3d Cir. 1969)). At the heart of Doumbia's motion to withdraw his guilty plea is his contention that his sentencing range is excessive for his case. (ECF No. 691 at ¶ 4). Specifically, Doumbia contends that his sentencing range is excessive because (1) he "didn't know that [he] had a manager/leadership role in th[e] indictment," (2) as a result of his manager/leadership role he would not be permitted to participate in programs that would get him "time cuts, " and (3) he believes a sentence between 60 and 80 months is fairer than his guideline range of 97-121 months.[3] (ECF No. 705 at 3:25-5:11, 9:19-22).

### A. Doumbia's Knowledge of His "Manager/Leadership Role"

Doumbia argues that he did not know he had a manager/leadership role in the indictment. (ECF No. 705 at 5:4-19). Moreover, Doumbia argues that the manager/leadership role enhancement contained in his plea agreement should not apply to him. (*Id*.). The Court finds both of these arguments are without merit.

First, with respect to Doumbia's argument that he was not aware of the manager/leadership role contained in his plea agreement, the Court notes that the plea agreement, which was signed by Doumbia, contains a section which expressly includes a two-point increase to his adjusted base offense level pursuant to Doumbia's aggravating role under Section 3B1.1 of the United States Sentencing Commission Guidelines Manual.[4] (ECF No. 620-1 at

---

[3] Doumbia also argues that his sentencing range is excessive because he should not be responsible for conspiring to distribute methamphetamine. (ECF No. 705 at 11:19-22). However, this argument is more properly analyzed as an assertion of innocence which the Court has already addressed. *See supra* Sec.IV.a.2

[4] Section 3B1.1 of the United States Sentencing Commission Guidelines Manual provides that:

5). Doumbia was also made aware of his aggravating role at his February 7, 2022 change of plea hearing because the Assistant United States Attorney read the contents of the plea agreement, including his aggravating role enhancement, into the record. (ECF No. 709 at 24:4-7). Further, the Court confirmed that Doumbia understood the contents of the plea agreement and what was required of him under the terms of the plea agreement. (*Id.* at 26:11-27:21). Here, the Court finds that the factual record does not support Doumbia's argument that he was not aware of his manager/leadership role. Indeed, Doumbia was apprised of his manager/leadership role on several occasions, including within the plea agreement itself and at his change of plea hearing. Therefore, the Court finds that Doumbia's argument that he was not aware of his manager/leadership role is not a sufficient reason to support withdrawal of his guilty plea.

Second, concerning Doumbia's argument that the manager/leadership role enhancement should not apply to him, the Court finds this argument is equally unavailing. Doumbia had several opportunities throughout the negotiation process of his plea agreement to advocate for removal of his manager/leadership role enhancement. (ECF No. 705 at 32:2-18). Ultimately, Doumbia agreed to accept the plea agreement offered by the Government which included the

---

"Based on the defendant's role in the offense, increase the offense level as follows:
  (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
  (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
  (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels."

U.S. SENTENCING GUIDELINES MANUAL § 3B1.1.

manager/leadership role enhancement. (ECF No. 260-1). Doumbia was not obligated to accept the Government's plea agreement containing the manager/leadership role enhancement. Indeed, if Doumbia disagreed with the applicability of the manager/leadership enhancement contained in his plea agreement, Doumbia could have (and should have) raised these concerns during the plea agreement negotiation process, prior to signing his plea agreement, and/or before appearing in this Court to change his plea from not guilty to guilty. The Court will not now allow Doumbia to withdraw his guilty plea because he is no longer satisfied with terms of his plea agreement.

Based on the foregoing, the Court finds that none of the arguments offered by Doumbia concerning his manager/leadership role constitute a fair and just reason for allowing him to withdraw his guilty plea.

### B. Doumbia's Ineligibility to Participate in Programs That Would Get Him "Time Cuts" as a Result of His Section 3B1.1 Enhancement

"Due process requires that a guilty plea be voluntary, that is, that a defendant be advised of and understand the direct consequences of a plea." *United States v. Salmon*, 944 F.2d 1106, 1130 (3d Cir. 1991) *abrogated on other grounds by United States v. Caraballo-Rodriguez*, 726 F.3d 418 (3d Cir. 2013). "Direct consequences of a plea, which must be explained to a defendant, include the maximum prison term, the fine for the offense charged, and the mandatory minimum [sentence]." *U.S. v. Bruno*, 2014 WL 2895415, *13 (W.D. Pa. June 25, 2014) (citing *Jamison v. Klem*, 544 F.3d 266, 277-78 (3d Cir. 2008)). Moreover, "Rule 11 does not require a sentencing court to explain 'collateral' consequences of a guilty plea to a defendant. *U.S. v. Romero-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (citing *Kincade v. United States*, 559 F.2d 906 (3d Cir. 1977) (per curiam)). "A collateral

consequence is one that is not related to the length or nature of the sentence imposed on the basis of the plea." *Id.*

Doumbia argues that he should be allowed to withdraw his guilty plea because, as a result of his manager/leadership enhancement, he is not eligible to participate in programs that would get him "time cuts," or reduce his time spent in custody. (ECF No. 705 at 5:4-19). Doumbia's argument fails because (1) Doumbia was advised of and understood the direct consequences of his guilty plea and (2) Doumbia's ineligibility to participate in BOP programming that would reduce his time in custody is a collateral consequence of his guilty plea.

First, the factual record supports the Court's finding that Doumbia was advised of and confirmed his understanding of the direct consequences of his guilty plea. The plea agreement signed by Doumbia fully apprised him of the relevant maximum terms of imprisonment, applicable fines, and mandatory minimum terms of imprisonment associated with pleading guilty to the lesser included offense at Count One and Count Two of the Indictment. (ECF No. 260-1 at 4). Doumbia also acknowledged that he had read the plea agreement, discussed the plea agreement with his attorney, and voluntarily accepted the plea agreement. (*Id.* at 7). Additionally, at Doumbia's February 7, 2022 change of plea hearing, the Court reviewed the relevant maximum terms of imprisonment, applicable fines, and mandatory minimum terms of imprisonment associated with the lesser included offense at Count One and the offense at Count Two of the Indictment. (ECF No. 709 at 34:4-22). In that change of plea hearing, Doumbia again acknowledged that he understood the possible maximum and mandatory minimum penalties that were permitted by statute. (*Id.*). It is clear from the record before the Court that Doumbia was both aware of and confirmed his understanding of the direct consequences of his guilty plea.

Second, the Court finds Doumbia's ineligibility to participate in BOP programming is only a collateral consequence of his guilty plea. As just explained, *supra*, Doumbia was advised of and understood the direct consequences of his guilty plea, namely the relevant maximum terms of imprisonment, applicable fines, and mandatory minimum terms of imprisonment associated with his guilty plea. Whether Doumbia will be eligible to participate in BOP programs is not relevant to the length or nature of the sentence this Court will impose on the basis of his guilty plea. *Romero-Vilca*, 850 F.2d at 179.

Given the foregoing, the Court finds Doumbia's ineligibility to participate in BOP programs that would reduce his time in custody as a result of his Section 3B1.1 enhancement is not a fair and just reason for him to withdraw his guilty plea.

### C. Doumbia's Belief that a Sentence Between 60 to 80 Months is Fairer than His Sentencing Range of 97 to 121 Months

Relying on his argument that a manager/leadership enhancement should not be applicable to him, Doumbia argues that a sentencing range between 60 and 80 months is fairer than the 97 to 121 month sentencing range contained in his plea agreement. (ECF No. 705 at 9:19-22). However, without more, Doumbia's belief that 60 to 80 months is a fairer sentencing range is insufficient to support withdrawal of his guilty plea. Doumbia has asserted no facts or legal theory to support his claim that a sentencing range between 60 and 80 months is fairer than the 97 to 121 months sentencing range he agreed to. Moreover, at the time Doumbia signed his plea agreement, he stipulated and agreed that an appropriate sentence for his case would be a term of imprisonment between 97 and 121 months. (ECF Nos. 620-1 at 5-6). The Court accepted the parties' Rule 11(c)(1)(C) plea agreement containing the 97 to 121 months sentencing range on the

basis of the parties' stipulation. (ECF No. 709 at 28:6-7). The Court will not now allow Doumbia to withdraw his guilty plea because he is no longer believes the sentencing range of 97 to 121 months he previously agreed to is fair.

Given the foregoing, the Court finds that Doumbia has not met the substantial burden placed upon him to demonstrate that fair and just reasons exist for him to withdraw his guilty plea.

4. **Prejudice to the Government**

The final factor for the Court to consider in determining whether a fair and just reason exists for Doumbia to withdraw his guilty plea is "whether the government would be prejudiced by the withdrawal." *James*, 928 F.3d at 253. "However, the Government need not show such prejudice when a defendant has failed to demonstrate that the other factors support a withdrawal of the plea." *Jones*, 336 F.3d at 255 (quoting *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)). Here, because Doumbia has failed to meaningfully assert his innocence or provide a fair and just reason for withdrawing his guilty plea, the Court need not reach the issue of potential prejudice to the Government.

b. **Doumbia's Motion to Withdraw His Guilty Plea as to Count Two of the Indictment**

Although Doumbia's arguments in support of his Motion to Withdraw Guilty Plea focus mostly on his guilty plea as to the lesser included offense at Count One of the Indictment, (ECF Nos. 691 at ¶ 4; 705 at 7:17-24, 8:7-12), the Court will nonetheless analyze Doumbia's motion as it pertains to his guilty plea to Count Two of the Indictment.

1. **The Parties' Arguments**

Similar to the arguments asserted above, Doumbia argues that he should be permitted to withdraw his guilty plea to Count Two because his sentencing range is excessive for his case. (ECF Nos. 691 at ¶ 4; 705, at 7:17-24, 8:7-12). In response, the Government argues that Doumbia should not be permitted to withdraw his guilty plea because Doumbia has failed to meet the substantial burden placed upon him to demonstrate that fair and just reasons exist for him to withdraw his guilty plea. (*Id.* at 28: 3-32:1).

### 2. Doumbia Has Not Asserted Innocence to Support Withdrawal of His Guilty Plea as to Count Two of the Indictment

With respect to his guilty plea at Count Two of the Indictment, Doumbia has not asserted any claims of innocence. Moreover, Doumbia has failed to proffer any sufficient reasons to explain why an assertion of innocence today would differ from his prior testimony before the Court at his February 7, 2022 change of plea hearing:

> **ASSISTANT UNITED STATES ATTORNEY**: Your Honor, had this case proceeded to trial, the government would have presented evidence to show that...
> ...Mr. Doumbia was also one of the organization's busiest money launders. From September 26, 2019, to January 20, 2020, Mr. Doumbia conducted or attempted 13 Walmart-to-Walmart wire transfers to various members of the organization, including to co-defendants Malik Byers, Isaiah Daniels-Wheeler and Tamir Washington-Jenkins. These 13 transactions or attempted transactions totaled $11,907 in drug proceeds. Eventually, during the last transaction attempted by Mr. Doumbia, his wire transfer was denied because Walmart had issued a suspicious activity report against him. Nevertheless, while he could no longer send money personally, Mr. Doumbia would also provide rides to individuals to or from Walmart who would then conduct wire transfers on behalf of the organization.
> ...
>
> **THE COURT**: Mr. Doumbia, were you able to hear the Assistant United States Attorney describe the evidence that he would produce if this matter would proceed to trial?
>
> **THE DEFENDANT**: Yes, Your Honor.

>THE COURT: Is there any respect in which you disagree with what he said?
>
>THE DEFENDANT: No, Your Honor.
>
>…
>
>THE COURT: Is the offense at count two of the indictment true to your own personal knowledge?
>
>THE DEFENDANT: Yes, Your Honor.
>
>…
>
>THE COURT: Mr. Doumbia, did you, as charged in the indictment at criminal number 20-08, commit the offense at count two of the indictment of participating in a conspiracy to commit money laundering in violation of Title 18 United States Code Section 1956(h)?
>
>THE DEFENDANT: Yes, Your Honor.

(ECF No. 709 at 40:5-44:17).

Without more, the Court finds that Doumbia has not met the substantial burden imposed on him to demonstrate his innocence. Therefore, the Court finds no fair and just reason exists to permit Doumbia to withdraw his guilty plea to Count Two of the Indictment.

### 3. The Strength of Doumbia's Reasons for Withdrawing His Plea are Not Sufficient to Support Withdrawal of His Guilty Plea to Count Two of the Indictment

Doumbia argues that he should be permitted to withdraw his guilty plea to Count Two because his sentencing range is excessive for his case. (ECF Nos. 691 at ¶ 4; 705 at 7:17-24, 8:7-12). However, as the Court has already explained, Doumbia's argument that his sentencing range is excessive does not constitute a fair and just reason to permit him to withdraw his guilty plea to Count Two. *Supra*, Sec.IV.a.3.  Accordingly, Doumbia has failed to demonstrate any fair and just reason for this Court to permit him to withdraw his guilty plea to Count Two of the Indictment.

### 4. Prejudice to the Government

Doumbia has failed to meaningfully assert his innocence or provide a fair and just reason for withdrawing his guilty plea to Count Two of the Indictment. Because Doumbia has failed to meaningfully assert his innocence or provide the Court with fair and just reasons to permit him to withdraw his guilty plea to Count Two of the Indictment, the Court need not reach the issue of potential prejudice to the Government.

## V.  Conclusion

For the foregoing reasons, the Court denies Doumbia's Motion to Withdraw Guilty Plea. (ECF No. 691).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 3:20-cr-08 |
| | ) | |
| v. | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| **AHMED DOUMBIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER OF COURT**

AND NOW, this \_\_\_8th\_\_\_ day of July, 2022, upon consideration of Defendant Ahmed Doumbia's Motion to Withdraw Guilty Plea (ECF No. 691), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw Guilty Plea is **DENIED**.

BY THE COURT:

_Kim R. Gibson_
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**